## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP AND JOINT COOPERATION TRUST FUNDS, | ) ) ) ) ) | FILED: JULY 22, 2008 08CV4149 JUDGE MORAN MAGISTRATE JUDGE DENLOW |
| Plaintiffs, | ) ) | PH |
| v. | ) ) | No. |
| J AND J BROTHERS CONSTRUCTION, INC., a dissolved llinois corporation; JNJ DRYWALL AND PAINTING, INC., an Illinois corporation, and GREG PINTO, Individually, | ) ) ) ) | Judge |
| Defendants. | ) ) |  |

### COMPLAINT

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS, by their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, ANTHONY B. SANDERS, and ARNOLD AND KADJAN, complain against the Defendants , **J AND J BROTHERS CONSTRUCTION, INC.,** a dissolved Illinois corporation, **("J&J"") JNJ DRYWALL AND PAINTING, INC.,** an Illinois corporation, **("JNJ"), and GREG PINTO, ("PINTO"), Individually,** as follows:

### COUNT I

#### Jurisdiction and Venue

1.      This Court has subject matter jurisdiction pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. 185(a), and Section 502 of the Employee Retirement Security Act (ERISA) of 1974, as amended, 29 U.S.C. Section 1132(e)(1), 1145 and 28 U.S.C.

Section 1331.

    2.      The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs Funds are administered here in this judicial district.

**The Parties**

    3.      The Plaintiffs are **TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP, AND JOINT COOPERATION TRUST FUNDS** ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section1132(d)(1).

    4.      The Funds have been established pursuant to Collective Bargaining Agreements previously entered into between the Painters' District Council No. 14 and its affiliated locals (the "Union"), and certain employer associations whose employees are or were covered by one or more Collective Bargaining Agreements with the Union.

    5.      The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreements and Declarations of Trust ("Trust Agreements") which established the Funds.

    6.      Defendant, **J AND J BROTHERS CONSTRUCTION,, INC. ("J&J")**, an Illinois corporation, is an employer engaged in an industry affecting commerce which on or about **August 4, 1998,** entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **J&J** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. ( See exhibit 1).

2

**J & J** was involuntarily dissolved by the State of Illinois, Secretary of State on August 10, 2007.

### The Agreements

7.      Pursuant to the provisions of the Labor Agreement, **J&J** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **J&J** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.      Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **J&J** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **J&J** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **J&J** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

### The Claim

9.      **J&J** has breached the provisions of the Labor Agreement and Trust Agreements by failing remit monthly contributions to the Funds from time to time for the period from January 1, 2008 and April 2008  through the present.

10.      Pursuant to the provisions of the Labor Agreement and Trust Agreements, **J & J** is required to pay liquidated damages, interest, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11.      Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **J&J.**

3

12.    **J&J**   is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13.    Pursuant to 29 U.S.C. Section 1132(g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

(I)    interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements
not in excess of 20% of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That **J&J** be ordered to produce its books and records for a fringe benefit contribution compliance audit for the period from August 1, 2007 through the present;

B.    That judgment be entered in favor of Plaintiffs and against **J&J**  in the amount shown to be due on the audit;

C.    That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with interest, liquidated damages all as provided in the Labor Agreement and Trust Agreements and 29 .U.S.C. Section 1132(g);

D.    That **J&J**  be enjoined from violating the terms of the Labor Agreement and Trust Agreements by failing to make timely payments to the Funds and to be ordered to resume making those payments;

E.    That **J&J**   be ordered to submit to discovery of corporate records and assets to determine if grounds exist to pierce the corporate veil; and

4

F.    That this Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

## COUNT II

### Jurisdiction and Venue

1-2.    Plaintiffs reallege paragraphs 1 through 2 of Count I as and for paragraphs 1 through 2 of this Count II.

### The Parties

3-6.    Plaintiffs reallege paragraphs 3 through 6 of Count I as and for paragraphs 3 through 6 of this Count II

7.    At all pertinent times herein, **GREG PINTO** was an officer of **J&J** and has executed agreements on behalf of **J&J** with the Union.

### The Agreements

8-9.    Plaintiffs reallege paragraphs 7 through 8 of Count I as and for paragraphs 8 through 9 of this Count II.

10.    The Labor Agreement requires that employers provide performance bonds in order to insure the prompt payment of contributions to the Funds.  In the event that an employer is a corporation, and the employer fails to provide the bond, liquidated liability in the amount of Fifty Thousand Dollars, and any amount that is owed in excess of that sum is imposed  both upon the employer and its corporate officials who are empowered  to execute agreements or sign checks on behalf of the corporation.

### The Claim

11.    Since October 14, 2006, J&J has failed to provide the bond as required by the

5

Labor Agreements.

12.     **J&J** and **GREG PINTO** are jointly and severally liable to the Funds for the amount of Fifty Thousand Dollars plus any amounts which are owed by **J&J** in excess of that amount to the Funds.

### Relief Sought

WHEREFORE, Plaintiffs pray for the following relief:

A.     That judgment be entered in favor of Plaintiffs and against the defendants, **J&J** and **GREG PINTO,** in the amount of **$50,000.00**, plus any amounts in excess of that sum that may be owed by J&J.

B.     That Plaintiffs be awarded their reasonable attorneys' fees and court costs, as provided for by the Labor Agreement, Trust Agreements, and applicable provisions of ERISA.

### COUNT III

### Jurisdiction and Venue

1-2.     Plaintiffs reallege paragraphs 1 through 2 as and for paragraphs 1 through 2 of this Count III.

### The Parties

3-5.     Plaintiffs reallege paragraphs 3 through 5 of Count I as and for paragraphs 3 through 5 of this Count III.

6.     Defendant, **JNJ DRYWALL AND PAINTING, INC. ("JNJ")**, an Illinois corporation, is an employer engaged in an industry affecting commerce which on or about **November 2, 2006,** entered into a Collective Bargaining Agreement with the Union ("Labor Agreement") whereby **JNJ** agreed to be bound by the provisions of the Labor Agreement and any

6

subsequent agreements negotiated between the Union and certain employer associations.(exhibit 2).

### The Agreements

7.      Pursuant to the provisions of the Labor Agreement, **JNJ** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **JNJ** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8.      Under the terms of the Labor Agreement and Trust Agreements to which it is bound, **JNJ** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **JNJ** is in compliance with its obligation to contribute to the Funds.  In addition, the Labor Agreement and the Trust Agreements require **JNJ** to pay liquidated damages, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process

### The Claim

9.      **JNJ** has breached the provisions of the Labor Agreement and Trust Agreements by failing remit monthly contributions to the Funds from time to time for the period from November 1, 2006 through the present.

10.     Pursuant to the provisions of the Labor Agreement and Trust Agreements, **J NJ** is required to pay liquidated damages, interest, auditor fees and all attorneys's fees and court costs incurred by the Funds in the collection process.

11.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **JNJ.**

12.    **JNJ**  is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements, and 29 U.S.C. Section 1132 (g)(D).

13.    Pursuant to 29 U.S.C. Section 1132(g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

(i)    interest on the unpaid contributions; or

(ii)    liquidated damages provided for under the Trust Agreements

not in excess of 20% of the amount that is due.

## Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A.    That **JNJ** be ordered to produce its books and records for a fringe benefit contribution compliance audit for the period from November 2, 2006 through the present;

B.    That judgment be entered in favor of Plaintiffs and against **JNJ**  in the amount shown to be due on the audit;

C.    That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with interest, liquidated damages

D.    That **JNJ**  be enjoined from violating the terms of the Labor Agreement and Trust Agreements by failing to make timely payments to the Funds and to be ordered to resume making those payments;

E.    That **JNJ**   be ordered to submit to discovery of corporate records and assets to determine if grounds exist to pierce the corporate veil; and

F.    That this Court grant Plaintiffs such other and further relief as it may deem

8

appropriate under the circumstances.

## COUNT IV

### Jurisdiction and Venue

1-2.    Plaintiffs reallege paragraphs 1 through 2 of Count I as an for paragraphs 1 through 2 of this Count IV.

### The Parties

3-5.    Plaintiffs reallege paragraphs 3 through 5 of Count I as and for paragraphs 3 through 5 of this Count IV.

6.      Plaintiffs reallege the allegations of paragraph 6 of Count III as and for paragraph 6 of this Count IV.

7.      At all pertinent times herein, **GREG PINTO** was an officer of **JNJ** and has executed the agreement on behalf of **JNJ** with the Union.

### The Agreements

8-9.    Plaintiffs reallege paragraphs 7 through 8 of Count III as and for paragraphs 8 through 9 of this Count IV.

10.     The Labor Agreement requires that employers provide performance bonds in order to insure the prompt payment of contributions to the Funds.  In the event that an employer is a corporation, and the employer fails to provide the bond, liquidated liability in the amount of Fifty Thousand Dollars, and any amount that is owed in excess of that sum is imposed  both upon the employer and its corporate officials who are empowered  to execute agreements or sign checks on behalf of the corporation

9

## The Claim

11.    **JNJ**  has failed to provide the bond as is required by the Labor Agreements.

12.    **JNJ** and **GREG PINTO** are jointly and severally liable to the Funds for the amount of Fifty Thousand Dollars plus any amounts which are owed by **JNJ** in excess of that amount to the Funds.

## Relief Sought

WHEREFORE, Plaintiffs pray for the following relief:

A.    That judgment be entered in favor of Plaintiffs and against the defendants, **JNJ** and **GREG PINTO**, in the amount of $50,000.00, plus any amounts in excess of that sum that may be owed by **JNJ.**

B.    That Plaintiffs be awarded their reasonable attorneys' fees and court costs, as provided for by the Labor Agreement, Trust Agreements, and applicable provisions of ERISA.

## COUNT V

### Jurisdiction and Venue

1.    Plaintiffs reallege paragraph 1 of Count 1 as and for Count 1 of this Count V.

2    Jurisdiction is also founded on this Court's supplemental jurisdiction, 29 U.S.C. Section 1367.

3.    Plaintiffs reallege paragraph 2 of Count I as and for paragraph 3 of this Count V.

### The Ageements.

4.    Plaintiffs reallege paragraphs 3 through 6 of Count I as and for paragraphs 4 through 7 of this Count V.

8.    Plaintiffs reallege paragraph 6 of Count III as and for paragraph 8 of this Count V.

9.    Plaintiffs reallege paragraph of Count IV as and for paragraph 9 of this Count V.

## The Claim

10.    Defendants **J &J** AND **JNJ** employed individuals for the work months from May through June, 2007 and August through September, 2007 and failed to pay all of the contributions and other charges that were owed for those employees.

11.    On or about March 1, 2008, all three defendants, executed an installment note that required the amounts, which are due and owing under ERISA, to be paid via a Settlement Agreement and installment note.  A copy of the Settlement Agreement and Installment Note are attached as Exhibit 3.

12.    On or about July 1, 2008, the defendants defaulted on the Settlement Agreement and their duty to pay contributions under ERISA by failing to make the Installment payment that was due on July 1, 2008, and by failing to pay the savings fund conributions as they became due. $131,711.63  is the unpaid balance due on the principal sum for contributions and other charges arising under ERISA.

13.    Despite repeated demands for payment, the defendants have not cured the default; and

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A.    That final judgment be entered in favor of Plaintiffs and against the defendant

J&J BROTHERS CONSTRUCTION, INC., JNJ DRYWALL AND PAINTING, INC., AND GREG

PINTO, jointly and severally, in the amount of $, plus interest at the rate of eighteen percent per

annum until paid

                                    Respectfully submitted,

                                    TRUSTEES OF CHICAGO PAINTERS AND
                                    DECORATORS PENSION FUND et al,

                        By:      S/James R. Anderson
                                    One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
ARNOLD AND KADJAN
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

Exhibit 1

P.D.C. #14 MEMORANDUM OF AGREEMENT

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and ___J & J Brothers Const Inc.___
_____, referred to as "the Employer", Witnesseth That:

Whereas, THE CHICAGOLAND ASSOCIATION OF WALL AND CEILING CONTRACTORS/GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS (hereinafter "ASSOCIATION") and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 1997 to May 31, 2000.

WHEREAS, the parties to this Agreement wish to promote continued employment in the Industry, prevent interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:
    1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all the Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

    The Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's Taping employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

    2. The Employer acknowledges that he is bound to all terms and conditions of the Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 1997, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are not inconsistent with the provisions of this Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and all and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the Applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof. 3. The Collective Bargaining Agreement between the Union and Association, June 1, 1997, to May 31, 2000, and all subsequent amendments thereto are incorporated herein as if they were set forth in full. The Employer agrees to be bound by the terms of the applicable Association bargaining agreement for the life of the negotiated Agreement.

    4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 1998 thru May 31, 2000

| | | |
|---|---|---|
| Wages:_____$25.60 | Joint Co-Operation_____.01 |
| Welfare:_____3.70 | Industry Advancement_____.03 |
| Pension:_____3.50 | J.A.T.C._____.29 |
| Savings:_____.50 | |

    5. This Agreement shall become effective at 12:00 A.M., June 1, 1998, and shall remain in full force and effect until 12:00 P.M., May 31, 2000, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this Agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

    6. This document is the complete written agreement between the parties and can only be amended in writing by the parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

7. The Employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEROF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _____4th_____ day of _August_____, 199 8!

EMPLOYER:

FIRM: __J & J Brothers Construction Inc.__
(PRINT)

ADDRESS: __P.O. Box 507  Plainfield IL 60544__

SIGNATURE & TITLE __Greg Pinto   Project Manager__
(PRINT)

SIGNATURE __Greg Pinto__

Gerald C. Harms
Business Manager/Secretary-Treasurer
P.D.C. #14

708-785-8916

Exhibit 2

## PAINTERS' DISTRICT COUNCIL #14
### (MEMORANDUM OF TAPING AGREEMENT)

THIS AGREEMENT entered into by Painters' District Council #14 (hereinafter referred to as "The Union" and ~~JNJ Drywall & Painting, Inc~~ (hereinafter referred to as "the Employer", Witnesseth That: _____,

WHEREAS, THE CHICAGOLAND ASSOCIATION OF WALL AND CEILING CONTRACTORS/GYPSUM DRYWALL CONTRACTORS OF NORTHERN ILLINOIS (hereinafter "ASSOCIATION"), and the UNION have reached agreement on Wages, Hours and terms and conditions of employment for the period of June 1, 2003 to May 31, 2008.

WHEREAS, the parties to this Agreement wish to promote continued employment in the Industry, prevents interruption of work and agree to adopt such terms:

NOW, THEREFORE, IT IS AGREED AS FOLLOWS:

1. The Employer hereby recognizes the Union as the sole and exclusive bargaining representative of all Employer's employees performing work within the craft and geographic jurisdiction of the Union as the same exists as of the date hereof and including any such additional work or geographic area over which the Union may hereafter acquire jurisdiction with respects to Wages, Hours, and other terms and conditions of employment.

The Employer, in response to the Union's claim that it represents an uncoerced majority of each employer's Taping employees, has been authorized to and in fact does represent such majority of such employees in accordance with Section 9 of the Labor Relations Act without the need for a Board Certified Election.

2. The Employer acknowledges that he is bound to all terms and conditions of The Collective Bargaining Agreement between the Union and the Associations as applicable to him which expired at 12:00 midnight, May 31, 2008, and hereby reaffirms his continuing obligations with respect to all such provisions, acknowledges the renewal of all such provisions to the extent the same are no inconsistent with the provisions of the Agreement, and hereby agrees to the changes in the Agreement between and the Union and the Association and all subsequent amendments thereto and to any other changes subsequently negotiated by and between the Union and the applicable Association. Said Contracts are specifically incorporated by reference and made a part hereof.

3. The Collective Bargaining Agreement between the Union and Association, June 1, 1997, to May 31, 2008, and all subsequent amendments thereto are incorporated herein as if they were forth in full. The Employer agrees to be bound by the terms of the applicable Association Bargaining Agreement for the life of the negotiated Agreement.

4. The Employer agrees to pay the amount it is bound to pay under the Collective Bargaining Agreements to the Pension, Welfare, Apprentice and Savings Funds and to become bound by and considered a party to the Agreements and Declarations of Trust creating such trust funds and such declarations are incorporated by reference herein. Said amounts are:

CHANGES EFFECTIVE June 1, 2005 through May 31, 2006

### NEW TAPING CONTRACT

| Wages | TOTAL PER HOUR | $2.20 | |
|---|---|---|---|
| Welfare Fund | $33.55 | 1.45 | Increase |
| Pension Fund | $5.80 | .25 | Increase |
| Savings | $5.40 | .50 | Increase |
| Joint Cooperation | $1.00 | (Deducted from Wages) | |
| Education & Scholarship | .05 | No | Increase |
| Industry Promotion ** | .01 | No | Increase |
| JATC | .03 | No | Increase |
| LPC (Local Political Committee) | .43 | No | Increase |
| | .05 per hr. | | |

5. This Agreement shall become effective at 12:00 A.M., June 1, 2003, and shall remain in full force and effect until 12:00 P.M., May 31, 2008, or continue thereafter unless there has been given not less than sixty (60) days, nor more than ninety (90) days written notice by Registered or Certified Mail, prior to expiration by either party hereto to the desire to modify, amend or terminate this agreement through negotiations. The absence of such notice will result in the automatic renewal of this Agreement for the life of the newly negotiated area wide Agreements between the Union and the Association with all improvements, modifications and amendments thereto and incorporating them herein:

6. This document is the complete written agreement between the parties and can only be amended in writing by their parties. No other oral representations shall be binding on either party nor shall any party rely upon such oral statements that vary their terms of the written contract.

7. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The Employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

IN WITNESS WHEREOF, and in consideration of the mutual promise of the parties hereto, and other good valuable consideration, this Agreement was entered into this _____2_____ day of ____NOV____ ,200 6!

**EMPLOYER:**

FIRM: _JNJ Drywall & Painting, Inc._
(PRINT)

ADDRESS: _862 Center Ct Unit A. Shorewood, IL 60431_
(PRINT)

NAME & TITLE _Greg M. Pinto     President_
(PRINT)

SIGNATURE _____

Terrence P. Fitzmaurice
Business Manager/Secretary-Treasurer
Painters' District Council #14

(Taping)

Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE CHICAGO PAINTERS )
AND DECORATORS PENSION FUND, et al, )
                                    )
                Plaintiffs,         )
    vs.                             )
                                    )      07 C 4396
J&J BROTHERS CONSTRUCTION, INC.,; JNJ )    Judge Der-Yeghiayan
DRYWALL & PAINTING, INC.; and GREG  )      Magistrate Judge
PINTO, individually,                )      Geraldine Soat Brown
                Defendants.         )

## SETTLEMENT AGREEMENT

Plaintiffs, by and through their attorneys, and Defendants, by and through their attorneys, state as follows:

1.    Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION, WELFARE, SAVINGS, APPRENTICESHIP, SCHOLARSHIP AND JOINT COOPERATION TRUST FUND.  The defendants are J AND J BROTHERS CONSTRUCTION, INC., JNJ DRYWALL AND PAINTING, INC., and GREG PINTO, individually.

2.    The defendants have been served with the Summons and Complaint in this action but have not answered or served any other responsive pleading.

3.    Without any admission of liability, Defendants agree to pay to Plaintiffs the amount of ONE HUNDRED FORTY-SIX THOUSAND THREE HUNDRED SEVENTY-TWO AND 88/100 ($146,372.88) for amounts allegedly due and owing for contributions owed for the following work months: May, 2007, June, 2007, August, 2007, and September, 2007, and liquidated damages for the work months of May, June, July, August, September, and October, 2007.

4.    Defendants agree to pay the amount set forth below to the Savings Fund,

Dues Checkoff, and LPC, as set forth in paragraphs a and c,and have executed an

Installment Note for the principal sum of ONE HUNDRED THIRTY

THOUSAND EIGHT HUNDRED EIGHTY TWO DOLLARS AND 91/100

($130,882.91), with interest, and agree to make payments as set forth in paragraph

b, below. The Installment Note has been executed by both corporate defendants

by GREG PINTO, in his capacity as officer of those corporations, and by GREG

PINTO, Individually.   The Installment Note is secured by a Security Agreement,

which will be filed with the State of Illinois, Secretary of State.

a.    FIVE THOUSAND SEVEN HUNDRED FOUR DOLLARS AND 17/100

($5,704.17) to Dues Checkoff on or before March 1, 2008;

b.    TWO THOUSAND DOLLARS AND 00/100 ($2,000.00) to the Chicago Painters

and Decorators Fringe Benefit Funds on or before March 1, 2008; Two Thousand

Five Hundred Dollars ($2,500.00) to the Chicago Painters and Decorators Funds

on April 1, 2008; May 1, 2008, June 1, 2008, July 1, 2008, and Three Thousand

Nine Hundred Seventy Two Dollars and 33/100 ($3,972.33) beginning on August

1, 2008, and on the first of each month thereafter for 34 months, with a final

payment of $3,972.33 to be paid on July 1, 2011.

c.    NINE THOUSAND THREE HUNDRED SEVENTY EIGHT AND ($9,378.82) to

the Savings Fund; and FOUR HUNDRED SEVEN DOLLARS AND 78/100 ($407.78) on or

before March 15, 2008. All payments must be delivered to the law offices of Arnold and Kadjan,

19 West Jackson Blvd., Chicago, IL 60604, on or before the date that payments are due.

5.    As a term and condition of this payment plan, the defendants agree to timely

make payments of all amounts owed for monthly fringe benefit fund contributions owed to the Funds as they become due.

6.    In the event that defendants fail to make any of the payments as set forth above on time, the Plaintiffs reserve the right to enforce this settlement agreement and demand payment of the total amount due an owing, less amounts already paid, plus ONE THOUSAND DOLLARS AND 00/100 ($1,000.00) for Plaintiffs reasonable attorneys' fees and court costs. The defendants admit, that for purposes of this settlement agreement, that the amounts at issue arise under the applicable provisions of the National Labor Relations Act, and the Employment Security Act of 1974 and expressly consent to federal subject matter jurisdiction over this Agreement.

7.    In the event an event of default occurs, the defendants may cure the default by delivering the required payments to the attorneys for Plaintiffs, Arnold and Kajdan, 19 West Jackson Blvd., Chicago, Illinois 60604, within seven days after the date of the default.

8.    Upon the payments of all of the amounts referred to in paragraphs 3 through 4, the action filed in 2007 to recover these amounts will become final and with prejudice for the period ending July 31, 2007 with respect to J AND J BROTHERS CONSTRUCTION, INC.

9.    Defendants admit that only the books of J AND J BROTHERS CONSTRUCTION, INC., ("J&J") have been audited through July 31, 2007 and hereby agree that Plaintiffs may audit the books and records, if any, of J&J for all periods subsequent to that date, and the books and records of JNJ DRYWALL AND PAINTING, INC. beginning with the date it became signatory to the Collective Bargaining Agreement with the Union  Both plaintiffs and defendants retain any and all rights to make claims or assert defenses for those periods of time to amounts other than those based on payments for work months which form the subject of the

Settlement Agreement herein; and

    10.    The parties agree that they knowingly and voluntarily entered into this Agreement

this $\underline{20}$ day of February, 2008.

By:    _____

        Trustees of the Chicago Painters and
        Decorators Pension, Welfare, Savings,
        Apprenticeship, Scholarship, and Joint
        Cooperation Trust Funds,
        By:    One of their attorneys

_____

J and J BROTHERS CONSTRUCTION, INC.
by Greg Pinto, its authorized officer

_____

JNJ DRYWALL AND PAINTING, INC.
By Greg Pinto, its authorized officer

_____

Greg Pinto, individually

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANTHONY B. SANDERS
19 West Jackson Blvd.
Chicago, IL 60604
(312)236-0415

PETER FARACI
FARACI & FARACI
301 West Touhy
Park Ridge, IL 60068
(847)292-0031

## INSTALLMENT NOTE

(<u>$155,003.88</u> includes interest)                              March 1, <u>2008</u>

For Value Received, the undersigned promises to pay to the order of **Chicago Painters and Decorators Fringe Benefit Funds** the principal sum of <u>One Hundred Thousand Eight Hundred Eighty Two and 91/100 Dollars ($130,882.91)</u> Dollars, payable in installments as follows:

<u>Two Thousand Dollars and 00/100 ($2,000.00)</u> on the 1st day of March, 2008; <u>Two Thousand Five Hundred Dollars and 00/100 ($2,500.00)</u> on the 1st Day of April, 2008, and May, 2008, and June, 2008, and July, 2008; and <u>Three Thousand Nine Hundred Seventy Two and 33/100</u> ($3,972.33) on the 1st day of <u>August, 2008; Three Thousand Nine Hundred Thirty Nine Dollars and 33/00</u> ($3,972.33) on the 1st day of each month beginning on the 1st day of <u>September, 2008; and on the 1st of each month for 34 month</u> succeeding; and a final payment of <u>Three Thousand Nine Hundred Seventy Two and 33/100 ($5,439.70)</u> on the 1st day of <u>July, 2011,</u> with interest on the balance of principal remaining from time to time unpaid at the rate of **10%** per annum, payable on the due dates for installments of principal as aforesaid.

All payments on account of the indebtedness represented by this Note shall be applied first to accrued and unpaid interest and the remainder to principal. Any installments of principal not paid when due shall bear interest after maturity at the rate of 10% per annum. Payments of both principal and interest shall be delivered to Arnold and Kadjan, 19 West Jackson Boulevard, Suite 300, Chicago, Illinois 60604 or such other place as the legal holder hereof may from time to time in writing appoint.

At the election of the payee or legal holder hereof and without notice, the principal sum remaining unpaid hereon, together with accrued interest thereon, shall become at once due and payable at the place of payment aforesaid in case of default in the payment, when due, of any installment or principal or interest, or any portion thereof, in accordance with the terms hereof. **Failure to timely pay monthly fringe benefits as they become due shall be a default.** In the event of default, payee or legal holder hereof shall be entitled to reasonable costs of collection, including reasonable attorney's fees.

The undersigned hereby authorizes, irrevocably, any attorney of any Court of record to appear for the undersigned in such court, in term time or vacation, at any time after default in the payment of any installment of the principal hereof, and confess judgment without process in favor of the payee or holder of this Note for such amount as may appear to be unpaid thereon, together with reasonable costs of collection including reasonable attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that said attorney may do by virtue hereof. If this Note is signed by more than one person, the obligations and authorizations hereunder shall be joint and several. All parties hereto severally waive presentment for payment, notice of dishonor and protest. See attached Rider.

The makers of this Note acknowledge the above indebtedness represents fringe benefit contributions and other costs and charges due and owing pursuant to applicable provisions of the Employee Retirement Income Security Act, 29 U.S.C. 1145.

For: 05/07, 06/07, 08/07, and 09/07 reports and 05/07-10/07 & late fees ——

J AND J BROTHERS CONSTRUCTION, INC.    GREG PINTO, Individually
by Greg Pinto, president